UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BILLY RYAN CAIN, )<br>)<br>Defendant. )<br>)<br>) | No. 6:05-CR-33-KKC-1<br><br>RECOMMENDED DISPOSITION |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court considers reported violations of supervised release conditions by Defendant Billy Ryan Cain. The District Court entered a judgment against Defendant on January 17, 2006, for conspiracy to manufacture 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and aiding and abetting the possession of equipment, products, and materials for manufacturing methamphetamine in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2. (D.E. 72). Defendant's original punishment terms were 72 months of imprisonment followed by five years of supervised release. Defendant began his supervised release term on September 15, 2009.

Defendant then committed a violation of the terms of his supervised release. During a final Rule 32.1 hearing on March 3, 2010. Defendant competently entered a knowing, voluntary, and intelligent *stipulation* to the following violation: use of a controlled substance (ecstasy). (D.E. 80). In turn, the Court found that Defendant

violated the terms of his supervised release and revoked Defendant's supervised release. Upon revocation, the District Court imposed a term of imprisonment of six months, and sentenced Defendant to an additional term of supervised release of 12 months.

Defendant was released from custody on August 27, 2010, and began his second term of supervised release on that same date. On February 22, 2011, the United States Probation Office (USPO) issued a Supervised Release Violation Report, and secured a warrant from the District Judge. The Report charges Defendant with violating Standard Condition 7, which provides that "the defendant . . . shall not purchase, possess, use, distribute, or administer any controlled substance . . . except as prescribed by a physician." Specifically, the Report states that, on February 11, 2011, a urine specimen provided by Defendant appeared to test positive for controlled substances through an instant testing device. A February 21, 2011 laboratory analysis of the urine specimen confirmed the presence of amphetamine and methamphetamine. Additionally, the Report charges Defendant with violating the supervised release condition which provides that "[t]he defendant shall not commit another federal, state, or local crime." The Report reasons that the use of a controlled substance, as alleged in the violation described above, is the equivalent of possessing the controlled substance in violation of 21 U.S.C. § 844(a).

The Court conducted an initial appearance pursuant to Rule 32.1 on March 2, 2011, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. (D.E. 89). At the initial appearance, the United States

made an oral motion for interim detention, to which Defendant did not object. (*See id.*). The Court therefore found that Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). (*See id.*).

At the final hearing on March 7, 2011, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. Defendant competently entered a knowing, voluntary, and intelligent stipulation to each of the charged violations. Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violation as described in the Report. Furthermore, in the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States thus established violations 1 and 2 under the standard of § 3583(e).

At the final hearing, the United States recommended revocation, incarceration for six months, and no period of supervised release thereafter. Defendant did not object to, and essentially joined in, the recommendation by the United States. However, the recommendation is not binding on the Court.

The Court has evaluated the entire record, including the recent Supervised Release Violation Report and accompanying documents, the sentencing materials from the underlying Judgment in this District, and the record concerning the previous violation committed by Defendant. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis. Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense

of conviction. Defendant's § 846 conspiracy conviction was for a Class A felony. *See* 18 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 3559. For a Class A felony, the maximum revocation sentence provided under § 3583 is five years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-439 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to violation #1 and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's range, under the Revocation Table of Chapter 7, is 4-10 months.

Congress does *mandate* revocation in a case of this nature. By statute, the Court must revoke Defendant because he "possessed" a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession). The Sixth

4

Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of § 3583(g)(1). *See United States v. Metcalf*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection."). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). The record does not warrant application of this exception.

The Court has considered all of the § 3553 factors imported into the § 3583(e) analysis, and finds that incarceration for eight months is appropriate based upon those factors. The nature and circumstances of the offense[1] are very troubling. Defendant's underlying conviction is a Class A felony involving manufacture of a large quantity of methamphetamine. The violation before the Court involves use of that same controlled substance. Clearly the use of methamphetamine creates the need for its manufacture, which involves well-known risks of serious danger to the community. For these same reasons, deterrence and the need to protect the public from further crimes are likewise

---

[1] As previously noted by the Court, the Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").

directly implicated by Defendant's use of methamphetamine. The sentence on the underlying offense and the prior revocation unfortunately have not resulted in avoidance of further violations. Thus, the recommended period of incarceration of six months – which is the same period imposed by the Court for the previous supervised release violation – did not have the desired deterrent effect, and a more significant sentence is warranted.

As to Defendant's history and characteristics, the Court notes Defendant's Criminal History Category of I. As described during the final hearing in this matter, the Court is very sympathetic to the mental health issues that Defendant has struggled with for most of his life. Despite being sympathetic to Defendant's mental health issues, such issues do not excuse Defendant's *second* demonstrated breach of the Court's trust. Ordinarily, a sentence at the maximum of the range (ten months) under the Guidelines would be appropriate given this history of successive violations, but the Court feels, given Defendant's mental health history, a lower term of imprisonment of eight months is appropriate to accomplish the function of sentencing under § 3553.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b).

Here, the maximum term of supervised release would be life, *see* 21 U.S.C. § 841(b)(1)(C) (providing for a maximum term for supervised release of life for the underlying offense), less any revocation term imposed, *see* 18 U.S.C. § 3583(h). The Court finds that an investment of further resources through supervised release is not appropriate in this case because Defendant has twice failed to make good on that investment.

Accordingly, the Court **RECOMMENDS**, based on the violations found:

1. Revocation and incarceration for a term of 8 months;

2. No additional term of supervised release.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Caldwell's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 14th day of March, 2011.

Signed By:
Hanly A. Ingram
United States Magistrate Judge